Filed 6/28/16  P. v. Robinson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065360 |
| v. | (Super.Ct.No. CR44412) |
| MICHAEL DEANDRE ROBINSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Deandre Robinson appeals from an order

denying his petition to reduce his 1992 assault with a firearm (Pen. Code, § 245,

1

subd. (a)(2)) conviction to a misdemeanor under Penal Code section 1170.18.[1]  We find no error and will affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 18, 1992, defendant's half brother, the victim, arrived home and told defendant he was not welcome in the home and told defendant to leave.  Defendant left and began walking to his car.  The victim followed behind defendant to ensure he left.  Defendant picked up a bottle from the ground, turned around, and hit the victim in the face with it.  Defendant then pulled a small handgun from his pocket and fired it one time at the victim.  The bullet struck the victim's car.

On August 31, 1992, a felony complaint was filed charging defendant with assault with a deadly weapon other than a firearm, to wit, a beer bottle (§ 245, subd. (a)(1), count 1); assault with a firearm (§ 245, subd. (a)(2); count 2); and felon in possession of a firearm (former § 12021, subd. (a); count 3).

On that same day, defendant pled guilty to count 2.  In return, the remaining allegations were dismissed and defendant was sentenced to the stipulated term of three years in state prison.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47).  It went into effect the next

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The factual background is taken from the probation report.

day.  (Cal. Const., art. II, § 10, subd. (a).)  As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)  Proposition 47 also created a new resentencing provision: section 1170.18.  Under section 1170.18, a person currently serving a felony sentence or a person who has completed his or her sentence, whether by trial or plea, for an offense that is now a misdemeanor under Proposition 47, may petition before the trial court that entered the judgment of conviction in his or her case to have the felony conviction designated as a misdemeanor.  (§ 1170.18, subds. (a) & (f).)

On June 16, 2015, defendant in propria persona filed a petition to reduce his 1992 assault with a firearm conviction to a misdemeanor pursuant to section 1170.18.  The People filed a response, noting assault with a firearm is not a qualifying offense.

On December 24, 2015, the trial court denied defendant's petition, finding assault with a firearm in violation of section 245, subdivision (a)(2) "is not a qualifying felony."

On February 8, 2016, defendant filed a timely notice of appeal from the denial of his petition.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a

statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant asserts that the trial court erred in finding his offense for assault with a deadly weapon was not a qualifying offense. He also argues that his appellate counsel rendered ineffective assistance of counsel by failing to research the law and raise arguable issues.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Among the crimes reduced to misdemeanors by Proposition 47 rendering the person convicted of the crime eligible for resentencing are: shoplifting where the property value does not exceed $950 (§ 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (§ 490.2); and receiving stolen property where the property value does not exceed $950 (§ 496). (§ 1170.18, subd. (a).) Section 1170.18 does not list section 245, subdivision (a)(2), the offense at issue in the present appeal, as one of the code sections amended or added by Proposition 47. (*Ibid*.) In other words, Proposition 47 left the offense of assault with a firearm unchanged, and that offense is a felony. (§ 245, subd. (a)(2).) Thus, defendant is simply not statutorily eligible for relief under section 1170.18.

4

Defendant was ineligible for resentencing as a matter of law. As such, based on the statutory language, the court properly denied defendant's petition to reduce his assault with a firearm conviction to a misdemeanor.

We also reject defendant's claim that his appellate counsel rendered ineffective assistance of counsel. An indigent defendant has the right to effective assistance of counsel on appeal. (*In re Spears* (1984) 157 Cal.App.3d 1203, 1210.) A claim of ineffective assistance of appellate counsel requires a showing of both deficient performance and prejudice. (*In re Reno* (2012) 55 Cal.4th 428, 488.) Appellate counsel has the duty to prepare a legal brief containing citations to the appellate record and appropriate authority. Counsel must set forth all arguable issues and cannot argue the case against his or her client. (*In re Spears*, at p. 1210.) "[F]or an issue to be an arguable issue on appeal it must be reasonably arguable that there is prejudicial error justifying reversal or modification of judgment." (*Id*. at p. 1211.) "[I]t is not the duty of appellate counsel to 'contrive arguable issues.'" (*Ibid*.) Failure of "appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal" deprives an appellant of effective assistance of appellate counsel. (*In re Smith* (1970) 3 Cal.3d 192, 202-203.) However, the fact that appellate counsel followed the procedure set forth above is insufficient, by itself, to show appellate counsel has been ineffective.

Here, because defendant was statutorily ineligible for relief under Proposition 47, appellate counsel appropriately found no arguable issues. Accordingly, defendant has

5

failed to meet his burden of proof on the issue of ineffective assistance of appellate counsel.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order denying defendant's Proposition 47 petition to reduce his 1992 assault with a deadly weapon conviction to a misdemeanor is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


SLOUGH
J.

6